**GRANITE NUTRITION COALITION, et al., Plaintiffs-Appellants,**

v.

**BOARD OF EDUCATION OF the GRANITE SCHOOL DISTRICT, et al., Defendants-Appellees.**

No. 81–2259.

United States Court of Appeals, Tenth Circuit.

July 14, 1983.

---

954

W. Paul Wharton of Utahns Against Hunger, Salt Lake City, Utah (Utah Legal Services, Inc., Bruce Plenk, Salt Lake City, Utah with him on the brief) for plaintiffs-appellants.

M. Byron Fisher, Salt Lake City, Utah (Charles B. Casper, Terrie T. McIntosh of Fabian & Clendenin, Salt Lake City, Utah, with him on the brief), for Bd. of Educ. and Board Members, defendants-appellees.

Ray Fullerton, Dept. of Justice, Washington, D.C. (Brent D. Ward, U.S. Atty., Ralph H. Johnson, Asst. U.S. Atty., Salt Lake City, Utah, on the brief), for Federal defendant-appellee.

David L. Wilkinson, Atty. Gen. of Utah, John S. McAllister, Asst. Atty. Gen., Salt Lake City, Utah, for State defendants-appellees.

Before SETH, Chief Judge, and McKAY, Circuit Judge, and BRATTON, District Judge.[*]

BRATTON, District Judge.

Plaintiffs represent kindergarten students in the Granite School District of Utah whose families meet the poverty level income guidelines for receipt of free and reduced price lunches under the National School Lunch Act ("NSLA" or "the Act"), 42 U.S.C. §§ 1751–1769a. The defendants are the Board of Education of the District and its individual members, a number of educational officials at the State and local level, and the Secretary of the United States Department of Agriculture. Plaintiffs filed suit to force the District to provide them, and others similarly situated, free and/or reduced price lunches. The District Court granted defendants' motion

[*] Howard C. Bratton, Chief Judge, United States District Court, District of New Mexico, sitting by designation.

for summary judgment and plaintiffs took this appeal. We affirm.

The NSLA established the National School Lunch Program ("NSLP" or "the Program") under which each state educational agency prescribes income poverty guidelines, within limits set by the Secretary of Agriculture, to be used by the state's schools in determining students' eligibility for free and reduced price lunches. 42 U.S.C. § 1758(b). No school district is required to participate in the Program, but if it does, nutritious lunches must be provided to all children meeting the income poverty guidelines who attend schools that serve lunch. The Granite School District participates in the Program.

The Granite School District does not provide Program lunches to kindergarten students who attend schools that serve lunch and whose family income falls within the established guidelines. Defendants justify their non-provision of lunches to qualifying kindergartners on the ground that those students are not scheduled to be in attendance at school during lunch hours. Granite kindergarten students attend school in half day sessions—two hours, fifty minutes four days of the week and two hours, five minutes the remaining day. The School Board has scheduled one group of kindergarten students to attend classes in the morning, returning home for lunch; the second group attends class in the afternoon, post-lunch. The Board justifies its kindergarten scheduling as follows:

(1) class length is limited to prevent overtiring or overwhelming the children;

(2) children are home for lunch with their families;

(3) buses are used efficiently, i.e. buses returning the morning group pick up the afternoon group;

(4) teachers get a lunch respite.

■ Plaintiffs make two arguments: (1) the exclusion of income eligible kindergarten students from participation in the Program violates the NSLA and the regulations promulgated thereunder and (2) the classification by grade of students who may receive Program lunches violates the Equal Protection Clause of the United States Constitution. The District Court formulated these issues into a single question: "whether a school district participating in the NSLA is required to provide lunch to students who are not scheduled to be in attendance during the lunch hour." It found that because the Granite kindergarten students are not scheduled to be in attendance when lunch is served and the Act prohibits interference with school curriculum, 42 U.S.C. § 1760(c), the School District was not required to provide Program lunches to qualifying kindergarteners. With the additional proviso that a school district may not through invidious scheduling, i.e. not supported by bona fide curriculum considerations, deny Program lunches to qualifying school children, we agree with the District Court's analysis.

Plaintiffs argue that the kindergarten students meet the only two statutory criteria—family income level and school attendance—, therefore, they must be provided with Program lunches. They further contend that the curriculum decisions which may not be interfered with pursuant to the statute do not include scheduling of hours for school attendance. The statute here in issue provides:

In carrying out the provisions of this chapter, neither the Secretary nor the State shall impose any requirement with respect to teaching personnel, curriculum, instruction, methods of instruction, and materials of instruction in any school.

42 U.S.C. § 1760(c). In plaintiffs' view "curriculum" refers only to the subject matter to be taught and the methods and materials of instruction.

Plaintiffs find support for this argument in the Special Milk Program, 42 U.S.C. § 1772, of the Child Nutrition Act, 42 U.S.C. §§ 1771–1789. The Child Nutrition Act contains a prohibition against interference with school curriculum decisions identical to that in the NSLA. 42 U.S.C. § 1780. Prior to 1978 schools participating in the free milk program had to serve the milk at a time other than lunch:

Children who qualify for free lunches under guidelines set forth by the Secretary shall also be eligible for free milk, when milk is made available at times other than the periods of meal service....

42 U.S.C. § 1772. Plaintiffs reason that because Congress required snack periods for distribution of free milk, it did not perceive this interference with class scheduling as interference with curriculum decisions which it had prohibited at § 1780(a).

Even were we inclined to accept this argument, subsequent Congressional action repels acceptance of plaintiffs' interpretation of Congressional intent in the Special Milk Program. In 1978 Congress amended § 1772 expressly to remove the restriction on when the extra milk could be served. H.R.Rep. No. 95–1153, 95th Cong., 2d Sess. 11, *reprinted in* 1978 U.S.Code Cong. & Ad. News 9227, 9237. The statute now simply provides that children attending schools participating in the free milk program who qualify for free lunches are "eligible for free milk at their request." 42 U.S.C. § 1772(a).

Plaintiffs also rely on *Shaw v. Governing Board of Modesto City School District,* 310 F.Supp. 1282 (E.D.Cal.1970). In 1970 the statute provided that free or reduced price lunches would be served to children who were determined by local school authorities to be unable to pay the full cost of the meal. The School Board in *Shaw* had determined how many free lunches it could afford to provide, then set eligibility guidelines which would qualify only the predetermined number of children. The District Court held that the statute required the Modesto School Board to set eligibility requirements in terms of need alone and enjoined the Board from formulating its eligibility standards in contravention of the Act.

Although the monetary consideration of efficient bus utilization is part of the defendants' justification for the Granite kindergartners' half day schedule, this is not analogous to the monetary-based decision of the Modesto School Board. The Granite School Board has not impermissibly set free lunch eligibility guidelines so as to qualify a predetermined number of students. Defendants do not even maintain that the cost of providing free lunches to qualifying kindergarten students would unduly burden the District's budget. The purpose of the scheduling decision is not to limit access to the NSLP. That defendants have considered the budgetary consequences of rescheduling the kindergarten students' school day does not violate any provision of the Act.

Plaintiffs charge that defendants are merely using the "smoke screen" of curricular control to schedule Granite kindergarten students out of the federal nutrition program. Defendants have given several reasons for the decision to schedule kindergarten students to attend only half-day sessions and plaintiffs have pointed to no evidence which would suggest these are not bona fide considerations. There is no evidence in the record of what could be termed "invidious scheduling."

The uniformity provision of 42 U.S.C. § 1758(b)(1) and 7 C.F.R. § 245.3(b) (1982) which requires that all children from families meeting the income guidelines who attend participating school shall be provided with Program lunches does not require defendants to reschedule kindergarten classes. This section, and its implementing regulation, merely provide that if a kindergarten student whose siblings receive free lunches is scheduled to be in attendance at school during lunch, he too must be given a free lunch. It does not require a school to alter that student's schedule to ensure his attendance when lunch is served.

■ As to the remaining contention that the classification by grade level of students who may receive Program lunches—kindergarten students versus non-kindergarten students—violates the Equal Protection Clause, we have indicated that the defendants' reasons for this classification were genuine. They are also reasonable and accomplish legitimate purposes: class length for the youngest students is limited, buses are used efficiently, teachers are allowed a mid-day break for rest and preparation. Having a rational basis, the challenged clas-

sification does not violate the Equal Protection Clause.

Accordingly, the Judgment is affirmed.